IRWIN MINDLIN, Respondent, v. KIAMESHA CONCORD, INC., Appellant. (And Four Other Actions.) — *Per Curiam.* Appeal by defendant Kiamesha from such parts of a judgment, entered upon a verdict in a personal injury and property damage negligence action (1) as awarded damages to plaintiff against said defendant and defendants Roberts and Graham, and from such parts thereof, entered upon decisions (2) as awarded defendant Roberts judgment over as against defendant Kiamesha and (3) denied defendant Kiamesha's motion to set aside the verdict; and appeal, also, by defendant Kiamesha (4) from an order which granted defendant Roberts' motion to make certain deletions from, and an addition to the record on appeal. The causes of action arose from a collision, on a county highway abutting appellant's hotel property, between an automobile owned and operated by plaintiff and an automobile owned by defendant Roberts and operated by defendant Graham, then employed by defendant Kiamesha as a car-runner or parking lot attendant at its hotel, at which Roberts was an arriving guest and from which plaintiff was departing. According to the version of the accident which the jury could accept, plaintiff operated his car out a secondary exit from the hotel, turned right and proceeded west on the county highway, in the direction of the main exit, approximately 1,300 feet away. Graham drove out the main exit, turned left and proceeded 50 to 100 feet to the collision. Plaintiff testified that by reason of a bend in the road he did not see the other car until it was but one or two car lengths away, proceeding easterly in the westbound lane and directly in front of him; that plaintiff swerved left to avoid the other car which at the last moment swerved right, the right front fenders of the cars colliding. Some corroboration of plaintiff's testimony is to be found in the testimony of a State Trooper and in the exhibits. The verdicts were not contrary to the weight of the evidence. Appellant's contentions with respect to the charge are unavailing. Any ambiguity in the main charge with respect to the issue of failing to see was cured when the court, at appellant's request, instructed the jury that a driver "is charged with the duty to see that which under the facts and circumstances he should have seen." Appellant excepted to the court's charging the substance of section 1143 of the Vehicle and Traffic Law providing that a driver "about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway"; but this instruction seems to have been warranted, in the light of plaintiff's testimony, if not, in fact, by that of defendant Graham; and, upon appellant's objection, the court said, "I didn't say it happened at the gate or near the gate, I said some distance east of it", to which appellant did not except. Appellant's additional objections to the charge, including that of the acts-in-an-emergency doctrine, are not supported by exceptions taken at the time and are insubstantial in any event. The trial court correctly denied effect to the supposed exculpatory clause appearing on the claim check issued by the hotel for defendant Roberts' automobile. Although appellant charged no specific fee for parking, upon taking exclusive control of the automobile and the automobile keys, from the time that the automobile arrived at the hotel door, certainly the guest's payment for the totality of the services provided by the hotel included "other consideration" therefor. (General Obligations Law, § 5-325.) Although the $9,000 verdict was liberal, perhaps, and a somewhat smaller verdict could not have been successfully attacked as inadequate, it was not so unreasonably large as to be legally excessive, and will not be disturbed. Appellant's additional contentions seem insubstantial and are not such as to require discussion. Judgment affirmed, with costs. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam.*