■ FRED AVILA, an Infant, by His Father and Guardian, FRANK AVILA, et al., Respondents, v. LOUIS COHEN, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an interlocutory judgment of the Supreme Court, Rockland County, entered June 16, 1970, in favor of plaintiffs on the issue of liability, upon a jury verdict. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. The infant plaintiff sustained injuries when the bicycle which he was riding on a public highway came into contact with a vehicle owned and operated by defendant. It appears that the accident happened when the infant plaintiff suddenly moved to the left, either to avoid a storm drain or to enter a shopping center on the opposite side of the road. Under the circumstances, the finding of the jury, implicit in its verdict, that he was free of contributory negligence is contrary to the weight of the evidence. Rabin, P. J., Munder and Shapiro, JJ., concur; Hopkins and Martuscello, JJ., dissent and vote to affirm.

■ CHARID PROPERTIES, INC., Respondent, v. WALTER BERGER et al., Appellants.— In an action by a vendee under a contract to sell real property to rescind the sale and for damages, defendants appeal from an order of the Supreme Court, Kings County, dated July 15, 1971, which denied their motion to dismiss the complaint and for summary judgment. Order reversed, on the law, with $20 costs and disbursements, and motion for summary judgment granted. Plaintiff claims it was induced to enter into a contract for the sale of certain real property by defendants' false representations as to the amount of the annual rental due during the first of two successive, optional 10-year renewal periods, the sale being subject to a net lease. The Special Term denied defendants' motion for summary judgment, holding that their denial of the alleged misrepresentations raised factual questions warranting a trial. In our opinion, the complaint must be dismissed as a matter of law, even assuming that defendants had made the representations alleged. The representations, if made, were of opinion or law (*Zuyder Zee Land Corp.* v. *Broadmain Bldg. Co.*, 86 N. Y. S. 2d 827, affd. 276 App. Div. 751, mot. for lv. to app. den. 276 App. Div. 834). Appellants' "admission" that the sellers purchased the property in 1967 with the understanding that the annual rental during the first renewal period was lower than that allegedly represented to respondent does not prove *scienter*. At most, it tends to establish only that appellants misrepresented their own opinion as to the legal interpretation of the provisions of the amended lease. More important, however, respondent has failed to establish justifiable reliance upon the alleged misrepresentations. Inasmuch as the sale was concededly made subject to the amended lease, which was exhibited to and examined by respondent's president and attorney, the rental provisions of the lease must control. Respondent has proved none of the elements necessary to support a cause of action in fraud, including misrepresentation of a material fact, *scienter* and reliance. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.