■ JOHN FINN, an Infant, by PAUL FINN, His Father, et al., Respondents, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Appellants. (Claim No. 57040.)—Appeal from a judgment in favor of claimant, entered July 15, 1974, upon a decision of the Court of Claims. This claim for damages for personal injuries arose from an accident which occurred on State Route 23 near the intersection with County Route 16 in Columbia County. The infant claimant, age 11, proceeding west on Route 16 with three companions on bicycles, came to the place where it intersects Route 23 in the shape of a "Y". In order to reach their destination the group had to cross over the eastbound lane of Route 23 and proceed in the westbound lane of that highway. There was a stop sign located at Route 16 at the intersection. The defendant's truck was proceeding east on Route 23. It is undisputed that the infant-claimant failed to stop at the stop sign and, having traveled through the intersection, proceeded in a westerly direction on Route 23. There was conflicting testimony as to how far to the right the infant claimant was riding immediately after entering Route 23, but it is undisputed that in response to the blast of the horn of a car behind him in the westbound lane, he swerved to his left towards the eastbound lane and, approximately 150 feet from the intersection, collided with defendant's truck. Although claimants allege that the accident occurred near the middle of Route 23, the Court of Claims found that the claimant was struck in the easterly lane and this conclusion is supported by eyewitness testimony and a picture of the scene taken immediately after the accident. In holding that the negligence of the defendants, by their employee-driver, was the sole proximate cause of the accident, the Court of Claims determined that the failure of the infant claimant to stop at the stop sign was not a proximate cause of the accident and that, even if the infant claimant were contributorily negligent, claimants should still recover under the doctrine of "last clear chance" because the defendant's employee was aware of the infant's peril and did not use ordinary care to avoid injuring him. There is no indication that the Trial Judge gave any consideration to the evidence that a cause of the accident was the failure of the infant to keep right as required of persons operating bicycles on roadways by section 1234 of the Vehicle and Traffic Law. Even if the infant's failure to obey the stop sign in no way contributed to the accident, a finding that he was in violation of section 1234 of the Vehicle and Traffic Law and that this was a proximate or contributory cause of the accident would amount to at least a prima facie showing of contributory negligence *(Ortiz v Kinoshita & Co.,* 30 AD2d 334). (See, also, *Avila v Cohen,* 37 AD2d 987). Additionally, we fail to see how,

under any view of the evidence concerning this accident which occurred when the infant claimant suddenly moved or swerved to his left into the path of defendant's truck, the doctrine of "last clear chance" would apply. There is no indication of the existence of an interval or time sequence in which the infant claimant's act of negligence was complete and when the defendant had an opportunity to save him *(Kumkumian v City of New York,* 305 NY 167; *Carey v Rodden,* 37 AD2d 115). Judgment reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.