■ EILEEN MURRAY, Appellant, v JOAN ROBIN et al., Respondents. — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered March 30, 1983, which, after a jury trial, was in favor of defendants dismissing plaintiff's complaint.

Judgment affirmed, with one bill of costs.

Viewing the record most favorably to defendants, as we must, we find that a fair interpretation of the evidence supports the jury's conclusion that the subject fire commenced on the terrace of defendant Robin's apartment and was not caused by the negligence of either defendant (*see, Ferrer v Harris,* 55 NY2d 285, 290, *mod on other grounds* 56 NY2d 737; *Sorokin v Food Fair Stores,* 51 AD2d 592). The trial court's charge concerning contributory negligence and the missing witness doctrine was correct under the facts of this case. Although the court should have charged in reference to defendant Robin's letter of complaint to defendant North Shore Partners that a letter properly addressed, stamped, and mailed is presumed received, we consider its failure to do so to be harmless in light of its tangential relationship to the central issue at trial, namely, the origin of the fire.

Moreover, plaintiff's claim concerning the allegedly prejudicial nature of certain remarks in the summation by counsel for defendant North Shore Partners is not preserved for appellate review. In any event, the isolated remarks in question were not so flagrant or excessive that a new trial is warranted (*cf. Riffel v Brumburg,* 91 AD2d 842). Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.