■ BRUCE MAURO, Appellant, v VILLAGE OF FREEPORT, Respondent.—In an action to recover damages for the wrongful termination of the employment of a tenured civil servant, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated October 25, 1983, as (1) granted that branch of defendant's motion which sought an order *in limine* limiting plaintiff's proof at a trial to be held on the issue of damages to those items specified in Civil Service Law § 77, and (2) denied his cross motion pursuant to CPLR 3025 (b) for leave to amend his complaint to increase the amount sought in the ad damnum clause.

So much of the appeal as seeks to review the portion of the order which granted the branch of defendant's motion which was for an order limiting the proof to be admitted at trial on the issue of damages dismissed, without costs or disbursements. No appeal lies from such an order (*Cotgreave v Public Administrator of Imperial County,* 91 AD2d 600).

In all other respects order affirmed, insofar as appealed from, without costs or disbursements.

Plaintiff was discharged from his position as Assistant Superintendent of Recreation with the defendant Village of Freeport on February 27, 1976, after that position had been abolished. He was reinstated to the position of Senior Recreation Leader on November 29, 1976, pursuant to a judgment in a CPLR article 78 proceeding which he had initiated. The instant action seeks damages arising from the termination of employment and from the alleged wrongful conduct of defendant subsequent to plaintiff's reinstatement.

It is apparent from the record that plaintiff asserted no claim in support of his cross motion to amend the ad damnum clause of his complaint upon which a finding of economic injury could be established *(Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244, 252). Thus, Special Term properly denied plaintiff's cross motion. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.