■ WILLIAM PEDERSEN et al., Individually and as Administrators of the Estate of KIM PEDERSEN, Deceased, Appellants, v ROGER BALZAN et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court in favor of defendants, entered January 15, 1985 in Ulster County, upon a verdict rendered at Trial Term (Torraca, J.).

At about 4:45 P.M., on May 5, 1982, a clear, dry day, 13-year-old Kim Pedersen (hereinafter decedent) was fatally injured when struck by defendants' automobile while crossing Route 212 in the Town of Saugerties, Ulster County, from the south to the north side on her bicycle. A jury returned a verdict in defendants' favor upon the wrongful death action, all other causes of action on behalf of plaintiffs having been withdrawn.

On this appeal, plaintiffs first contend that the trial court erred in refusing to grant their request to instruct the jury that "a driver is charged with observing whatever is within the purview of that driver's unobstructed vision. If the driver does not observe and account for what it [sic] sees, that is negligence" (see, 1 NY PJI 2:77, at 225 [2d ed]). The driver of the vehicle, defendant Margaret Balzan (hereinafter defendant), testified that the road was straight and level for at least 100 yards before the scene of the accident and that nothing obstructed her view as she drove westerly at 30 to 35 miles per hour in a 40-mile-per-hour zone. Defendant did not see decedent, who had been riding her bicycle westerly on the south shoulder, until she was at the left front fender of the automobile crossing the street at approximately a 45-degree angle. Defendant applied her brakes, swerved to the right and skidded to a stop, but could not avoid hitting decedent. The officer who investigated the accident testified that the skid marks were approximately 100 to 150 feet in length. Each party introduced the testimony of an accident reconstruction expert, with plaintiffs' expert indicating that defendants' vehicle was traveling at 46 to 55 miles per hour, while defendants' expert estimated the speed at 29 to 36 miles per hour. Plaintiffs also produced the officer who investigated the accident, who testified that defendant stated that she was blinded by sunlight at the time of the accident, a statement she later denied at trial. In light of the jury verdict, we view this conflicting testimony in defendants' favor (see, Murray v Robin, 108 AD2d 903).

Under the circumstances presented, we find that there was substantial error in the trial court's rejection of the request for a "proper lookout" charge. Plaintiffs maintained that defendant was negligent in failing to see decedent until the bicycle was almost directly in front of the car. Given that the roadway afforded defendant an unobstructed view of the area preceding the accident scene, and that she had traveled this same route many times in the past, such a charge was clearly warranted. The trial court, however, simply recited the general rule applicable to *all* negligence cases that a person must exercise the degree of care that an ordinary, careful and prudent person would exercise under like circumstances *(see,* 1 NY PJI 2:10, at 126 [2d ed]). No effort was made to apply the law in the context of the facts *(see, Green v Downs,* 27 NY2d 205). We find the instruction inadequate.

This is not an instance where the requested charge related to a mere tangential issue *(see, Murray v Robin, supra).* Indeed, the question of whether defendant kept a "proper lookout" related to the very essence of plaintiffs' claim *(see, Ferrer v Harris,* 55 NY2d 285, *mod* 56 NY2d 737). As such, plaintiffs were entitled to a charge related to the specific facts in issue *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.17; 1 NY PJI 2:77, at 224 [2d ed]). The fact that decedent was also obligated to maintain a "proper lookout" *(see, Finn v New York State Dept. of Mental Hygiene,* 49 AD2d 995) does not, as the trial court suggested, vitiate the requested charge. In this age of comparative negligence, the possibility that competing parties may each bear some responsibility for an accident is readily apparent. Accordingly, we deem it appropriate to reverse and remit for a new trial *(see, Ferrer v Harris,* 55 NY2d 285, *supra; Green v Downs,* 27 NY2d 205, *supra; Dunn v Catholic Med. Center,* 55 AD2d 597; *Mindlin v Kiamesha Concord,* 31 AD2d 988).

Although we recognize that plaintiffs failed to take appropriate exceptions to other portions of the trial court's charge *(see,* CPLR 4110-b), since a new trial is in order, some additional comments on the remainder of the court's charge are required. The negligence of an infant's parents may not be imputed to the infant in a personal injury or wrongful death action (General Obligations Law § 3-111; *Guilmette v Ritayik,* 39 AD2d 339, 342; *Corveddu v Blumner,* 10 AD2d 712). As such, the trial court erred in charging Vehicle and Traffic Law

§ 1230 (a).* The trial court's charge on proximate cause as *"that* cause" which produces the complained of result was also inappropriate since it implied that there can only be one proximate cause *(see,* 1 NY PJI 2:70, at 89 [2d ed] [1984 Supp]). We further note that the trial court's charge on the *Nosewor-thy* rule *(see, Noseworthy v City of New York,* 298 NY 76), i.e., that the plaintiffs in a death action bear a lesser degree of proof, failed to elaborate that "this rule permits greater latitude in drawing an inference of negligence" *(Franco v Zingarelli,* 72 AD2d 211, 220). Moreover, the trial court erred in charging that a determination that decedent violated certain provisions of the Vehicle and Traffic Law could constitute negligence. Rather, the jury should have been instructed to consider decedent's age, experience and intelligence in determining whether she had the capacity to comprehend the requirements of the statutes involved *(see, Quinn v County of Sullivan,* 48 AD2d 965). Considering the cumulative effect of these errors, it becomes all the more apparent that a new trial would also be warranted in the interest of justice.

Judgment reversed, on the law, with costs, and matter remitted to Supreme Court for a new trial. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur; Harvey, J., concurs in result only.

---

* Vehicle and Traffic Law § 1230 (a) provides that "[t]he parent of any child * * * shall not authorize or knowingly permit any such child * * * to violate any of the provisions of this article". The testimony showed that plaintiffs had instructed decedent to ride along the south shoulder of Route 212 due to the poor condition of the shoulder of the north side.