◼ STEPHEN M. BOCHNAK, as Administrator of the Estate of PATRICIA C. BOCHNAK, Deceased, Appellant, v FRANKLIN D. MACKES et al., Respondents.—Kane, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 27, 1989 in Columbia County, upon a verdict rendered in favor of defendants.

On June 6, 1986, at about 5:45 P.M., defendant Franklin D. Mackes was operating a 1984 Kenworth tractor trailer at approximately 50 to 55 miles per hour in the Town of Canaan, Columbia County, proceeding south on State Route 22, a two-lane blacktop highway, 23½ feet wide with a six-foot west shoulder and an eight-foot east shoulder. The road was dry and the weather clear. At some point past a slight curve in the road, with visibility in excess of 1,000 feet straight ahead, Mackes observed plaintiff's decedent's Subaru automobile stopped at her mailbox on the east side of the highway facing south at a point approximately 72 feet north of the entrance to her residence, which was located down and across the highway, i.e., on the west side. When Mackes' tractor trailer was in close proximity, decedent's vehicle attempted to cross Route 22 and enter the driveway to her residence. While partially in the driveway, it was struck by the front of the Mackes vehicle and carried some 400 feet south until striking a tree. Decedent died immediately as a result of injuries sustained in the collision. Mackes was unable to recall the exact distance at which he first observed decedent's vehicle at the mailbox. He testified that after first observing the Subaru, he lost eye contact with that vehicle until it began to cross Route 22 at a point directly across from the driveway leading to decedent's residence and in front of him in such close proximity that he had only sufficient time to lift his foot from the accelerator.

Plaintiff thereafter commenced this wrongful death action against Mackes, his employer and the truck's owner. Following a trial, the jury returned a verdict of no cause of action. Plaintiff's motion to set aside the verdict was denied and this appeal ensued.

Upon careful examination and review of all the evidence, we conclude that none of plaintiff's claims of error by Supreme Court are of sufficient gravity to require a new trial, and, accordingly, we must affirm. We note, however, that

there is merit in plaintiff's contention that his accident reconstruction expert should have been allowed to express an opinion as to the minimum amount of time it would have possibly taken decedent to travel from her mailbox to the driveway. Although plaintiff offered nothing to determine the exact path decedent took from the mailbox to the driveway, several facts were established from which the expert could fairly infer a *minimal* travel time *(see, Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414; *Stringile v Rothman,* 142 AD2d 637, 639; *People v Hess,* 140 AD2d 895, 897, *lv denied* 72 NY2d 957). However, the erroneous exclusion of expert testimony requires reversal only when it would have been sufficient, when considered with all the other evidence adduced at trial, to bring about a contrary verdict *(see,* CPLR 2002; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02). We do not view the excluded evidence as of sufficient consequence to disturb the verdict in that a minimum time sequence would necessarily correspond with a lesser opportunity for Mackes to avoid colliding with decedent's car. Furthermore, we fail to conceive how the excluded testimony would have allowed plaintiff to, in fact, establish the actual distance the truck traveled from the point Mackes first saw decedent at the mailbox to the point of impact.

We likewise reject plaintiff's arguments that errors in Supreme Court's charge to the jury deprived him of a fair trial. Plaintiff contends that Supreme Court improperly charged the jury with the common-law standard of care in emergency situations *(see,* PJI 2:14; *see also, Rowlands v Parks,* 2 NY2d 64, 67). Even if Mackes observed decedent's vehicle leave the mailbox and begin traveling south either on the shoulder or in the northbound lane, we cannot conclude, under these circumstances, that he was required to anticipate that decedent would cross the road directly in front of his truck to enter a private driveway. When decedent did so, Mackes was confronted with "an emergency without opportunity for deliberation, thought or consideration" *(Rowlands v Parks, supra,* at 67), such that the charge was properly given for the jury's consideration *(see, supra; see also, Ferrer v Harris,* 55 NY2d 285, 292, *mod* 56 NY2d 737).

Nor are we persuaded by plaintiff's argument that Supreme Court failed to properly charge the jury with regard to the lesser burden of proof in a case where the injured person cannot herself describe what happened *(see, Noseworthy v City of New York,* 298 NY 76). Plaintiff, relying on the dictum of this court in *Pedersen v Balzan* (117 AD2d 933, 935, quoting

*Franco v Zingarelli,* 72 AD2d 211, 220), contends that Supreme Court erred in not charging the jury that the *Noseworthy* rule " 'permits greater latitude in drawing an inference of negligence' ". We cannot agree that *Pedersen* presents so hard and fast a rule as plaintiff urges. "The rationale of the Noseworthy rule is that the decedent is not available to describe the occurrence and that it is unfair to permit the defendant, who has knowledge of the facts, to benefit by standing mute" (1 NY PJI2d 38; *see, Noseworthy v City of New York, supra).* Accordingly, we find that Supreme Court's charge, as a whole, was sufficient *(see,* PJI 1:61 [Supp]) and covered fully the evidence of each element of proof necessary to sustain the action.

Finally, we reject plaintiff's arguments that the verdict was against the weight of the evidence. Evidence that the front of the truck hit decedent's vehicle and the existence of skid markings four feet from the road in front of decedent's driveway must not inexorably lead the jury to a conclusion that Mackes was, of his own volition, speeding along the shoulder of Route 22 prior to the accident. The jury was entitled to draw its own inferences and we find that it did so in accord with the evidence contained in the record before us.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.