■ PETER SAVARESE, Respondent-Appellant, v CITY OF NEW YORK HOUSING AUTHORITY et al., Appellants-Respondents, and EDWARD SARUBBI, SR., et al., Respondents.—In an action, *inter alia,* to recover damages for battery, (1) the defendant Francis

Murnane appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Posner, J.), entered June 5, 1989, which, *inter alia,* denied his motion to set aside a verdict against him on the issue of liability, and to dismiss the complaint insofar as it is asserted against him, (2) the defendant John Ruiz separately appeals, as limited by his brief, from stated portions of the same order, which, *inter alia,* denied his motion to set aside the jury verdict in favor of the plaintiff and against him on the issue of liability, (3) the defendant New York City Housing Authority separately appeals, as limited by its brief, from stated portions of the same order, which, *inter alia,* denied its motion for judgment as a matter of law in its favor, and (4) the plaintiff Peter Savarese cross-appeals from stated portions of the same order which, *inter alia,* granted the motion of the defendants Edward Sarubbi, Sr., and Tamaqua Bar and Grill, made at the close of the trial on the issue of liability, to dismiss the complaint insofar as it is asserted against them for failure to make out a prima facie case, and denied his motion for a ruling on the admissibility of certain photographs in evidence at an impending trial on the issue of damages.

Ordered that the cross appeal from so much of the order as denied the plaintiff's motion for leave to introduce certain photographs as evidence of his injuries at an impending trial on the issue of damages is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the appellants-respondents appearing separately and filing separate briefs.

On February 26, 1982, the plaintiff Peter Savarese and several friends were asked to leave the Tamaqua Bar and Grill in Brooklyn. Savarese returned to the bar during the early morning hours of February 27, after closing time, and an altercation ensued in the parking lot. Savarese was arrested by the defendants John Ruiz and Francis Murnane, off-duty police officers employed by the defendant New York City Housing Authority (hereinafter NYCHA), who happened to be on the premises. Savarese commenced this action, alleging, *inter alia,* that Ruiz and Murnane, while acting within the scope of their employment, assaulted him and permitted others to assault him. Savarese conceded at trial that his arrest was lawful, and no issue as to the legality of the arrest was presented to the jury. After a trial solely on the issue of liability, the jury, in response to interrogatories, determined

that Ruiz and Murnane had not committed a battery but that they had permitted other persons to strike Savarese after his arrest. The jury also determined that Ruiz and Murnane were not acting within the scope of their authority as NYCHA employees at the time of the incident.

We conclude that the court properly set aside the jury's verdict on the issue of whether Ruiz and Murnane were acting within the scope of their employment. The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his servant while acting within the scope of employment *(see, Riviello v Waldron,* 47 NY2d 297, 302; *Quadrozzi v Norcem, Inc.,* 125 AD2d 559, 561). This doctrine applies to the actions of NYCHA police officers who attempt to effect arrests while off-duty *(see, Parris v New York City Hous. Auth.,* 121 AD2d 436). Intentional torts as well as negligent acts may fall within the scope of employment. In either situation, the employer need not have foreseen the precise act or the exact manner of injury as long as the general type of conduct may have been reasonably expected *(see, Riviello v Waldron, supra).* In the instant case, the jury determined that the defendant officers permitted others to strike Savarese after his arrest. As employees of the New York City Housing Authority, the defendant officers were under a duty to protect Savarese while he was in their custody. The jury's determination that the officers were acting outside the scope of their employment when they failed to perform that duty is contrary to the weight of the evidence *(see, e.g., Clancy v County of Nassau,* 142 AD2d 626; *see generally, Nicastro v Park,* 113 AD2d 129). The trial court concluded that the jury's finding on this issue may have been the result of its erroneous charge on scope of employment.

The court properly dismissed the complaint as against the defendants Tamaqua Bar & Grill and its owner, Edward Sarubbi Sr., as Savarese failed to establish their liability for the acts of their employees on a theory of respondeat superior. The testimony of Edward Sarubbi, Jr., who was working as a bartender at the bar, indicated that he and his brothers, who were also bartenders, acted for solely personal ends during the altercation with Savarese, rather than in furtherance of or as incident to the bar's business. Consequently, liability for their acts may not be imputed to their employer *(see, Horowitz v Sears, Roebuck & Co.,* 137 AD2d 492; *Island Associated Coop. v Hartmann,* 118 AD2d 830).

Savarese argues that he should be permitted to amend his complaint to add a claim for punitive damages. However,

since the court reserved decision as to whether it would allow this amendment, this court may not review this contention *(see, Lopez v Massachusetts Mut. Life Ins.,* 170 AD2d 583; *Katz v Katz,* 68 AD2d 536, 541; CPLR 5501 [a] [1]).

Additionally, Savarese contends that the court erred in denying his motion, in effect, for a ruling on the admissibility of evidence concerning his injuries at the forthcoming trial on the issue of damages. We have previously held that such an evidentiary ruling, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission *(see, Pellegrino v New York City Tr. Auth.,* 141 AD2d 709, 709-710; *see also, Mauro v Village of Freeport,* 113 AD2d 876; *Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600, 601).

The contention of the defendant Ruiz that Savarese's attorney repeatedly mischaracterized the trial evidence during his summation is unpreserved for appellate review, as he failed to object to any of the alleged comments *(see, Seneca Dress Co. v Bea-Jay Mfg. Corp.,* 156 AD2d 894, 895; *Murray v Robin,* 108 AD2d 903). In any event, the remarks in question were not so flagrant or excessive as to warrant a new trial *(see, Murray v Robin, supra).*

We find the parties' remaining contentions to be either unpreserved for appellate review, academic, or without merit. Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.