■ SAFE FLIGHT INSTRUMENT CORPORATION, Respondent-Appellant, et al., Plaintiff, v ATLANTIC AVIATION CORPORATION, Appellant-Respondent. [613 NYS2d 681] —In an action to recover damages for fraud and breach of contract, the defendant appeals, from (1) a trial ruling of the Supreme Court, Westchester County (Wood, J.), made April 3, 1991, dismissing its counterclaim, (2) an order of the same court, entered June 24, 1991, as denied its motion for judgment in its favor notwithstanding the verdict, (3) an order of the same court, entered July 1, 1991, which awarded the plaintiff prejudgment interest, (4) a judgment of the same court entered July 11, 1991, which is in favor of the plaintiff and against it in the principal sum of $985,000, and (5) an order and amended judgment (one paper) of the same court, entered August 5, 1991, which, *inter alia,* amended the judgment entered July 11, 1991, to reflect the trial ruling made April 3, 1991, dismissing its counter-

claim. The plaintiff cross-appeals from so much of the order entered July 1, 1991, as awarded prejudgment interest at the New York statutory rate. The plaintiff's notice of appeal from the order dated July 1, 1991, is deemed a premature notice of appeal from the order and amended judgment (CPLR 5520 [c]).

Ordered that the appeal from the trial ruling made April 3, 1991, is dismissed as no appeal lies from a trial ruling *(see, Savarese v City of N. Y. Hous. Auth.,* 172 AD2d 506); and it is further,

Ordered that the appeals from the orders entered June 24, 1991, and July 1, 1991, and the cross appeal from the order dated July 1, 1991, are dismissed; and it is further,

Ordered that the appeal from the judgment entered July 11, 1991, is dismissed as superseded by the order and amended judgment entered August 5, 1991; and it is further,

Ordered that the order and amended judgment dated August 5, 1991, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals and cross appeal from the intermediate orders and from the trial ruling must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals and cross appeal from the orders and from the trial ruling are brought up for review and have been considered on the appeal and cross appeal from the order and amended judgment (CPLR 5501 [a] [1]).

We conclude that the evidence presented was legally sufficient to support the verdict *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499), and was not against the weight of the evidence. The plaintiff proved that the defendant fraudulently induced it to exercise an option to purchase a Westwind 2 corporate aircraft, which the plaintiff intended to use as a prototype to market its aircraft safety equipment. The record reveals that the defendant falsely represented to the plaintiff that the manufacturer of the Westwind aircraft had agreed to install in the aircraft, during its construction at a cost of $78,000, certain safety equipment to be manufactured and provided by the plaintiff. The jury's determination of fraud was clearly and convincingly demonstrated based upon a fair interpretation of the evidence presented *(see, Nicastro v Park,* 113 AD2d 129, 134). Furthermore, the jury could have found that the defendant breached the implied covenant of good

faith and fair dealing by failing to honor that part of the agreement which required it to market the plaintiff's safety equipment as optional equipment on the Westwind 2 *(see,* Uniform Commercial Code § 1-203).

We have considered the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.