■ STEPHEN CONRADI, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [671 NYS2d 506] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Moskowitz, J.), entered July 25, 1997, which, upon a jury verdict on the issue of liability only, is in favor of the defendants and against him.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, with costs to abide the event.

The plaintiff commenced this action after his foot was partially run over by a New York City Transit Authority bus driven by the defendant Carl Scott. Immediately prior to the accident, while the bus was stopped at a red light behind the crosswalk, the plaintiff approached the window on the driver's side of the bus and, from a distance of approximately two or three feet, asked Scott for money. Scott told the plaintiff to "beat it". According to Scott, the light then turned green and he eased his foot off the brake, the bus rolled forward, and the plaintiff screamed. Scott admitted that he did not look to see where the plaintiff went after he told him to "beat it" and that after the plaintiff screamed, he saw the tire on the plaintiff's foot.

The record provides a factual basis to conclude that Scott was in a position to see the plaintiff before the tire ran over his foot. Accordingly, it was error for the court to fail to charge, at the plaintiff's request, New York Pattern Jury Instruction 2:77, which states, *inter alia,* that a driver is charged with the duty to see that which he should have seen by the proper use of his senses (*see,* PJI 2:77; *Pedersen v Balzan,* 117 AD2d 933). The trial court's general instruction with regard to the duty of care which must be exercised in all negligence cases was not sufficient (*see, Pedersen v Balzan, supra*). This error was compounded by the fact that the court charged the jury that the plaintiff had a duty to look out for his own safety and to see what there was to be seen and perceive what there was to be perceived (*see, Anderson v Krauss,* 204 AD2d 1074).

The trial court also erred in failing to charge that a vehicle must yield to a pedestrian lawfully within a crosswalk. There was some evidence that the accident occurred in the crosswalk (*see, Gamar v Gamar,* 114 AD2d 487). More significantly, however, the court charged that a pedestrian outside the

crosswalk must yield to vehicles in the roadway. Therefore, the court should have given the instruction requested by the plaintiff in order to provide a balanced jury charge. There is no way to determine the relative weight that these errors might have had on the deliberating process (*see, e.g., Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31). Therefore, a new trial is required.

There is no merit to the plaintiff's other contention regarding the jury charge.

The court did not improvidently exercise its discretion in precluding the testimony of the plaintiff's proposed expert witness (*see, Selkowitz v County of Nassau,* 45 NY2d 97, 101-102).

The plaintiff's claims with respect to defense counsel's summation are either unpreserved, without merit, or would not warrant reversal. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.