■ MILDRED HERSH, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. [747 NYS2d 153]

The evidence, viewed in the light most favorable to plaintiff, adequately set forth a prima facie case of negligence against defendants (*see Brito v Manhattan & Bronx Surface Tr. Operating Auth.*, 188 AD2d 253, *appeal dismissed* 81 NY2d 993). Fairly considered, however, the trial evidence permitted the jury to apportion liability as it did (*cf. Cohen v Simmons*, 240 AD2d 191). We note in this latter connection the evidence that plaintiff wore neither her glasses nor her hearing aid at the time of the accident and failed to observe defendants' bus until it hit her.

The damages awarded plaintiff, as reduced, did not materially deviate from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]). The award, although sizable, is in accord with the evidence showing that, despite her advanced age, plaintiff led an active and vibrant life prior to the accident, and that in the accident's aftermath, following the amputation of both of her legs at the groin, plaintiff is confined to a wheelchair and will require 24-hour care for the remainder of her life. Concur—Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.