■ BALBIR S. WALIA, Appellant, v NASSAU COUNTY et al., Respondents. [835 NYS2d 904]—

In an action, inter alia, to recover damages for assault, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 10, 2006, as granted that branch of the defendants' motion which was, in effect, to preclude the plaintiff from giving certain "John Doe" testimony at trial.

Ordered that the appeal from the order is dismissed, with costs.

The order of the Supreme Court regarding "John Doe" evi-

dence, while denominated as involving a motion for summary judgment, in fact, involved a motion in limine to preclude reference to an Officer "John Doe" tortfeasor during trial. An order made in advance of the trial determining the admissibility of evidence, as here, is neither appealable as of right nor by permission (*see Chateau Rive Corp. v Enclave Dev. Assoc.,* 283 AD2d 537 [2001]; *Savarese v City of N.Y. Hous. Auth.,* 172 AD2d 506, 509 [1991]; *Mauro v Village of Freeport,* 113 AD2d 876 [1985]; *see also* CPLR 5701 [a], [c]). The order is not the functional equivalent a grant of summary judgment so as to be appealable (*see Rondout Elec. v Dover Union Free School Dist.,* 304 AD2d 808, 810 [2003]), since the plaintiff here is not prevented at trial from seeking to prove all the allegations set forth in his complaint and bills of particulars. Spolzino, J.P., Dillon, Angiolillo and McCarthy, JJ., concur.