■ VIDAL A. BELLO, an Infant, by His Mother and Natural Guardian, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [856 NYS2d 577]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about November 15, 2006, which, after a jury trial, to the extent appealed from as limited by the briefs, awarded plaintiff Vidal Bello $750,000 for past pain and suffering, and $750,000 for future pain and suffering, unanimously modified, on the law, to the extent of vacating the award of interest and remanding the matter to recompute interest at the rate of 3% per annum, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

Viewing the evidence in the light most favorable to plaintiff (*see Hersh v New York City Tr. Auth.*, 297 AD2d 556 [2002]), it cannot be said that there exists no valid line of reasoning or permissible inferences which could possibly lead a rational juror to conclude that the bus driver was put on notice of the dangerous possibility that one of the rowdy children on the sidewalk, who were pushing each other, would push another person into the bus (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Baker v Turner Constr. Co.*, 200 AD2d 525 [1994], *lv denied* 83 NY2d 755 [1994]), and that the driver should have pulled in further from the curb.

Contrary to defendants' contention, the trial court's instruction that "[a] driver is charged with the duty to see that which under the facts and circumstances he should have seen by the proper use of his senses" was appropriate (PJI 2:77.1; *see Conradi v New York City Tr. Auth.*, 249 AD2d 436 [1998]; *see also Domanova v State of New York*, 41 AD3d 633, 634 [2007]).

. The awards for past and future pain and suffering do not deviate materially from reasonable compensation. The record shows that at the time of the accident, plaintiff was seven years old, and suffered an open fracture to the right tibia and fibula, a degloving injury to the right leg, and the tibia sustained a spiral fracture. Pins were placed in plaintiff's leg, and he has undergone seven additional procedures, including grafting to cover exposed tissue. His leg has significant scarring and deformity, and X rays show the fibula to be curved. Plaintiff walks with a limp that will get progressively worse as he grows, and he will subsequently require a revision of the graft, and work to his ankle (*see Lopez v Gomez*, 305 AD2d 292 [2003]; *Kraus v Caliche Realty Estates*, 302 AD2d 214 [2003], *lv denied* 100 NY2d 503 [2003]; *Silfverschiold v Hut Cab Corp.*, 266 AD2d 147 [1999]).

To the extent the judgment included interest at the rate of 6% instead of 3%, the matter should be remanded as indicated (*see* Public Authorities Law § 1212 [6]; § 1203-a [6]; *Klos v New York City Tr. Auth.*, 240 AD2d 635, 638 [1997], *lv dismissed* 91 NY2d 846 [1997]). Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.