■ BALBIR S. WALIA, Appellant, v NASSAU COUNTY et al., Respondents. [877 NYS2d 398]—

In an action, inter alia, to recover damages for assault, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 5, 2007, which denied his motion to restore the action to active status and to the trial calendar, and granted the defendants' cross motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, the plaintiff's motion to restore the action to active status and to the trial calendar is granted, and the defendants' cross motion, in effect, for summary judgment dismissing the complaint is denied.

In September 1999 the plaintiff commenced this action against the defendants alleging, inter alia, that while he was incarcerated in solitary confinement at the Nassau County Jail in East Meadow between September 8, 1998, and September 10, 1998, he was physically and psychologically abused by an "Officer Bourbon." Thereafter, issue was joined, discovery was conducted, and a note of issue was filed. In an order dated February 18, 2002, the Supreme Court denied the plaintiff's motion pursuant to CPLR 3124 to compel the depositions of several correction officers. In deciding that motion, the court reviewed the defendants' various discovery responses and stated that they had "confirmed that there is (or was) no 'Officer Bourbon' employed by the County." In early January 2006, approximately two weeks before the scheduled trial date, the defendants moved for leave to make a late motion for summary judgment dismissing the complaint. Alternatively, they moved, in limine, for the preclusion of any evidence involving conduct attributed to "Officer Bourbon." The plaintiff opposed the motion, arguing, inter alia, that if he incorrectly identified the perpetrator, he should nonetheless be allowed to testify that he was assaulted by an unknown officer or by a "John Doe." In an order dated May 10, 2006, the Supreme Court granted that branch of the defendants' motion which was for leave to serve a late motion for summary judgment dismissing the complaint and, upon considering the merits, inter alia, granted that branch of the motion which was in limine to preclude the plaintiff from adducing evidence at trial "to the extent of not allowing testimony as to a Corrections Officer 'John Doe.' "

The plaintiff appealed from so much of the order dated May 10, 2006, as granted that branch of the defendants' motion which was in limine to preclude the plaintiff from adducing evidence at trial based on the alleged conduct of a Correction Officer "John Doe." In an order dated June 5, 2007, this Court dismissed the appeal, determining that while the defendants denominated their motion as one for summary judgment, it was, in fact, a motion in limine, seeking to preclude reference to a Correction Officer "John Doe" at trial. As such, the order dated May 10, 2006, which determined the admissibility of evidence before trial, was neither appealable as of right nor by permission, and was not the functional equivalent of an award

of summary judgment (*see Walia v Nassau County*, 41 AD3d 466, 467 [2007]).

In July 2007 the plaintiff moved to restore the action to active status and to the trial calendar. The defendants cross-moved, in effect, for summary judgment dismissing the complaint on the ground that the plaintiff would be unable to establish a prima facie case at trial. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals and we reverse.

The Supreme Court improperly denied the plaintiff's motion to restore this matter both to active status and to the trial calendar. The court should have done so, without the need for any motion practice, upon receiving this Court's decision and order dated June 5, 2007, determining, inter alia, that the order dated May 10, 2006, was not equivalent to an award of summary judgment (*see generally Brill v City of New York*, 2 NY3d 648, 653 [2004] [when a grant of summary judgment is reversed on appeal the case is returned to the trial calendar]). Moreover, the Supreme Court, apparently concluding that the plaintiff would be unable to establish at trial that an "Officer Bourbon" assaulted him, incorrectly stated that it had already determined, in the order dated February 18, 2002, that "Officer Bourbon" did not exist. A logical reading of the order dated February 18, 2002, indicates that the court, in disposing of the plaintiff's motion to compel discovery, simply mentioned in passing that the defendants had "confirmed" that there was no "Officer Bourbon" in their employ. No ruling or determination was made regarding the existence or nonexistence of an "Officer Bourbon." Since it is only that which a court adjudicates and not what it says that has any legal effect (*see Towley v King Arthur Rings*, 40 NY2d 129, 132-133 [1976]; *Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117, 123-124 [2006]), the Supreme Court should not have relied upon such nonadjudicative language in denying the plaintiff's motion to restore the case to active status and to the trial calendar.

Since the Supreme Court should have granted the plaintiff's motion to restore the case to active status and to the trial calendar, it follows that the defendants' cross motion, in effect, for summary judgment dismissing the complaint should have been denied.

The parties' remaining contentions either are improperly raised for the first time on appeal (*see Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]), concern matter dehors the record that cannot be considered on appeal (*see Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008]), or are without merit. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.