EMMA GUSTAVSON, Appellant, v. ALLEN M. THOMAS, Respondent.

First Department, November 29, 1929.

*Eugene A. Sherpick* of counsel [*William F. McNulty* with him on the brief; *Edwin M. Bohm*, attorney], for the appellant.

*Benjamin C. Loder* of counsel [*John H. Scully*, attorney], for the respondent.

McAvoy, J.   This is a personal injury action in which the verdict was for the defendant.   The plaintiff appeals from the judgment and also from a separate order denying a motion for a new trial on the ground of newly-discovered evidence.

Plaintiff was a cook in defendant's residence at 8 East Fifty-second street in the city of New York, and she was injured on March 4, 1925, by falling through a shaft used for the operation of an automatic elevator.   She testified that while she was on the way from the kitchen on the ground floor to do some work on one of the upper floors, and while endeavoring to use the elevator to ascend, she pressed the button which would move the elevator to the level of the ground floor.   There was no light in the hall, and after waiting for a reasonable time for the elevator to arrive on the ground floor, she tried the door and found that it opened.

Plaintiff had been in the house as an employee for eight years, and when the door opened, it having been previously called to her attention through experience and training, she knew that the elevator should be present at the landing, so she stepped in.   The elevator, as a matter of fact, had not come down from one of the upper floors.

Plaintiff claims that the door opened due to a defective operation of the mechanism, or of the lock, or of some other means of ingress or egress, and that the negligence consisted of not keeping the elevator doors and appurtenances and such means of ingress and

egress in a state of proper repair and operation. When the door opened, plaintiff was thrown forward and down into the elevator shaft. No lights were permitted in the dome outside the elevator shaft on the ground floor level, except when defendant had office hours — he being a physician — and this accident occurred outside of office hours.

It was claimed that permitting the condition of disrepair to exist, which made it possible to open the elevator door when the elevator was not level with the landing, was negligent, and that the defendant had notice, or should have had notice, of the condition.

The ground upon which a new trial is asked — newly-discovered evidence — is that the testimony of a witness whom plaintiff made reasonable effort to locate before the last trial, without avail (being misled by defendant's representation that he was somewhere in Arizona), will show: (1) That the elevator was equipped with safety devices, or locks known as Sprague locks, which consist, in part, of delicate springs; (2) that these locks were old and obsolete; (3) that the witness had reported the locks as obsolete twice before to the Otis Elevator Company; and (4) that in such reports he had expressed the opinion that the condition of the elevator locks was dangerous.

This testimony is material, and if submitted would very likely have changed the result of the former trial, since this witness Austin, it is averred, will testify that the locks were old, obsolete and dangerous, and had twice been reported as such to the elevator company which usually made the repairs.

This offer of proof, we think, would entitle the plaintiff to a new trial. In any event she is entitled to a new trial of the main cause for errors in the charge which require the reversal of judgment obtained thereunder.

This case was one for the application of the doctrine of *res ipsa loquitur*. If this device had been properly functioning, it would have been a physical impossibility for the shaft door to open unless the elevator was actually at the lower door landing at the time. As soon as the plaintiff shows that the accident happened, and that in a situation of such a nature the presumption is that it would never have happened unless some carelessness had occurred which caused it indirectly to happen, then the rule will apply. All the circumstances surrounding the accident and its occurrence reasonably led to the inference of negligence. The instrumentality producing the injury is under the control of the party charged therewith. The accident itself is such that in the ordinary course of events it would never have occurred in the absence of neglect of

repairs or supervision of some sort on the part of the defendant, and, in the ordinary experience of mankind, if some omission or act of neglect had not supervened. Plaintiff was implicitly authorized and invited to use this elevator, and, as a servant n the house, was an invitee to whom the duty of reasonable care was extended in law.

In view of the law of the case as thus outlined, the charge of the court was erroneous with respect to the nature and extent of the defendant's personal and non-delegable duty towards the plaintiff, in that the court refused to charge that the duty to maintain the elevator in proper condition was on the defendant and that such duty could not be delegated to the Otis Elevator Company, and that, if the latter was negligent in not properly inspecting and caring for the elevator, the negligence of that company would be imputed to the defendant. The court said in answer to this request: "That would be so, * * * but there is no negligence shown here by reason of any defect in appliance or incorrect construction, and the only evidence we have here is that a door opened which afterwards was closed and the car operated normally." This was in effect to say that the presumption raised by the happening of the accident is no evidence of any negligence. The very fact of the manner of the door's operation on the occasion of the injury to plaintiff could be found by the jury to speak for itself as indicating that there was a defect in the operation of the car through its appliances or construction. Thus, the trial court's charge could not have conveyed any other impression to the jury than that a verdict in favor of the plaintiff would have been without legal justification. While charging that the jury might invoke the doctrine of *res ipsa loquitur* and presume negligence from the mere occurrence of the accident itself and its attendant circumstances, the court then indicated in its statement that there was nothing in the record to permit such a finding. Thus the instruction that there is no proof in the case as to the defective condition of the door or the gate, virtually nullified the rule that the accident from its nature gave proof of the defect, the existence of which might be considered as neglectful.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. The order denying motion for a new trial on the ground of newly-discovered evidence should be reversed, with ten dollars costs and disbursements, and the motion granted.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Order reversed, with ten dollars costs and disbursements, and motion granted.