Elizabeth May Meeker (Formerly Named Herein Elizabeth Lusa), Respondent, and Peter Lusa, Plaintiff, *v.* Manhattan Hall Studios, Inc., Appellant.

First Department, February 27, 1942.

*George J. Stacy* of counsel [*Joseph Kane* with him on the brief], for the appellant.

*Isidor Enselman* of counsel [*Gustave G. Rosenberg* with him on the brief; *Maurice B. Gladstone*, attorney], for the respondent.

UNTERMYER, J. Plaintiff, a tenant, has recovered a judgment after a jury trial for damages for personal injuries against the defendant, the lessee and operator of a multiple dwelling. The plaintiff was injured while stepping from the elevator to the landing of the third floor. According to her testimony no regular elevator operator had been furnished by the landlord, although the elevator was of the manually operated type. Tenants were authorized to operate the elevator when no employee of the building was present. On the occasion of the accident the plaintiff brought the elevator to the third floor, caused it to come to a standstill and, while she was stepping from the elevator which was then at rest, it started upwards without warning, causing the plaintiff to fall into the elevator shaft. The defendant claimed that the plaintiff was injured when she attempted to start the elevator downward after it had reached the third floor with the intention of leaving it while it was in motion and that she started it upward by mistake and was thus thrown from the car into the shaft.

To refute this contention the plaintiff offered proof that after the elevator had been brought to any of the upper floors by a tenant it could be caused to return to the ground floor by manipulation of the machinery in a control room in the basement to which the defendant's servants alone had access, and that accordingly it was unnecessary for the plaintiff to start the elevator downward after using it. The plaintiff also offered proof that on previous occasions the elevator had frequently started upward of its own accord after it had been brought to a stop.

In this state of the record the court correctly charged that "Where the thing causing the accident is under the exclusive control of a defendant and the accident itself is one that in the ordinary course of events does not happen if reasonable care is used, there arises an inference in the absence of explanation by the defendant that such care was lacking."

It was error, however, for the court to charge, as matter of law, " that, of course, would include the elevator," since the facts were in dispute on which depended the exclusive control of the elevator at the exact time of the accident. The court should have charged that only if the jury believed the testimony of the plaintiff that the elevator had started to ascend without intervention by her would the doctrine of *res ipsa loquitur* apply and impose on the

defendant the burden of explanation. (*Slater* v. *Barnes*, 241 N. Y. 284.) It was, therefore, error to refuse to charge the defendant's request that although "the defendant was responsible for the general maintenance and operation and control of this elevator, if, however, the plaintiff entered into that elevator and took over the operation unto herself, then she took from the defendant the control of the elevator, and that at such time it was not in defendant's control." From the charge of the court, and from its refusal to charge, the jury could not fail to conclude that, as matter of law, the elevator was within the defendant's control and that accordingly the doctrine of *res ipsa loquitur* necessarily applied.

The error was not cured by the charge of the court that " if the plaintiff in alighting from this elevator car in some way caused the car to start in motion, and such act on her part was the proximate cause of the accident, then defendant can in no way be charged for such occurrence or any of the results thereof." This portion of the court's charge related to the ultimate finding of the jury with respect to the cause of the accident and not to the manner in which the jury might reach its conclusion upon inferences drawn from the facts by the application of the doctrine of *res ipsa loquitur*. By the application of that doctrine the jury were bound to presume from the mere occurrence of the accident that the elevator was out of repair and dangerous and may have held the defendant to be liable because the burden of explanation thus imposed had not been met.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MARTIN, P. J., and GLENNON, J., concur; DORE and CALLAHAN, JJ., dissent and vote to affirm.

CALLAHAN, J. (dissenting). The principal question presented is whether reversible error was committed by reason of the court's instructions to the jury. Considering all the circumstances and taking the charge as a whole, we find no such error.

By its final admonition that plaintiff might not recover any damages if she had attempted to start the elevator downward, the trial court made it clear that the other issues concerning negligence were to be considered by the jury only in the event the accident happened by reason of some movement of the elevator not induced by any act of plaintiff occurring while plaintiff was attempting to step from the stationary vehicle. We recognize, of course, that under the law of this State the rule of *res ipsa loquitur* requires that the agency which produces the injury must be within the exclusive possession, control and oversight of the person charged with negli-

gence. (*Slater* v. *Barnes*, 241 N. Y. 284.) We think that such exclusive control by defendant existed if the accident happened as plaintiff contended, while she was leaving the standing vehicle. In *Gustavson* v. *Thomas* (227 App. Div. 303) we applied the rule of *res ipsa loquitur* to an accident occurring in connection with an automatic elevator. Further, we find that refusal of defendant's request to charge presented no reversible error, in view of the evidence concerning the various methods of mechanically controlling the movement of the elevator, and the failure of defendant's counsel to limit his request by pointing out that he referred to absence of exclusive control by defendant during the time when plaintiff was actually operating it.

The judgment should be affirmed, with costs.

DORE, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.