The circumstances surrounding the accident did not warrant the application of the res ipsa rule (George Foltis, Inc., v. City of New York, 287 N. Y. 108; Meeker v. Manhattan Hall Studios, 263 App. Div. 381). The infant plaintiff alone was operating the conveyor at the time he was injured. When he attempted to remove the meat, he lifted the conveyor from the track on which it moved. There was no proof that any part of the conveyor or track was broken. On this record the sole basis for finding that defendant was negligent was supplied by evidence of the conversation at the time the infant plaintiff went to defendant’s premises. From that evidence it could, have been found that he was a business visitor on the premises of defendant, with a right to take meat from the conveyor, and was not warned that the conveyor was not attached to the track and could fall if not held. But that evidence was specifically received as relating to plaintiff’s contributory negligence and not as proof of negligence on the part of defendant. Moreover, defendant claimed that the plaintiff had no right to take meat from the conveyor and had been told not to do so. It was for the jury to say whether he had the right to take the meat from the hooks; and whether in the exercise of reasonable care the defendant should have anticipated that he would not discover, in the exercise of reasonable care, that the apparatus was not attached and might, therefore, be lifted off the track and whether he should have been warned by defendant that could happen if the apparatus was not held while the meat was lifted from it. But the evidence which would have justified a finding that no warning was given, in view of the ruling when it was admitted, could not support a finding of negligence. Nolan, P. J., Carswell, Sneed, Wenzel and MaeCrate, JJ., concur.