■ MARY BRENNAN et al., Respondents, v CITY OF NEW YORK et al., Appellants, at al., Defendants. — In an action to recover damages for personal injuries, etc., defendants City of New York and Robert Lingham appeal, as limited by their brief, from so

much of a judgment of the Supreme Court, Kings County (Schneier, J.), dated February 8, 1983, as, upon a jury verdict, awarded plaintiff Mary Brennan the principal sum of $500,000 and plaintiff George Brennan the principal sum of $50,000.

Plaintiff George Brennan died prior to the submission of this appeal, and, on March 16, 1984, plaintiff Mary Brennan was appointed administratrix of his estate. On the court's own motion, Mary Brennan is hereby substituted as party plaintiff for said George Brennan and the caption is amended accordingly.

Judgment modified, on the facts and as a matter of discretion, by deleting the provision which is in favor of plaintiff George Brennan, action as between plaintiff George Brennan and defendants City of New York and Lingham severed and new trial granted with respect thereto limited to the issue of damages only, unless Mary Brennan, as administratrix of the estate of George Brennan, serves and files in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in George Brennan's favor to the principal sum of $20,000 and to entry of an amended judgment accordingly. As so modified, judgment affirmed, insofar as appealed from, with costs to plaintiffs. Mary Brennan's time to serve and file the stipulation is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. In the event plaintiff Mary Brennan so stipulates, then the judgment, as so reduced and amended, is affirmed, insofar as appealed from, with costs to plaintiffs.

The facts of this case fully support a jury finding that a sanitation truck which collided with a bus on which Mary Brennan was a passenger was left "unattended" within the meaning of Vehicle and Traffic Law § 1210 (a).

Appellants' witnesses testified that on the morning of October 15, 1974, defendant Robert Lingham was assigned as driver of the sanitation truck in question. He proceeded to the section office located on the corner of Bedford Avenue and Monroe Street to pick up the two men who were to work as "loaders". Defendant Lingham's earlier testimony at his examination before trial indicated that he might have left the keys in the truck at this point. After picking up the two men around 7:15 or 7:20 A.M., they continued to their first stop on the corner of Fulton Street and Bedford Avenue. They had not yet taken their morning coffee break; there was testimony that the usual break was around 9:00 A.M., "further up towards Nostrand", which was one block away.

Upon attempting to operate the hopper, the two loaders discovered that it would not work, and informed defendant Lingham, who exited the cab to inspect the problem. He left the key

in the ignition and the engine running, because the hopper would not operate otherwise, and proceeded to the back of the truck to try and get the hopper handle unstuck. From where Lingham was standing, he could not see the driver's door to the cab. At this point, defendant Blount, who never appeared in the action, entered the cab without authorization and negligently drove the truck until it collided with the bus.

Deputy Commissioner Wittie McNeil of the Community Services, New York City Department of Sanitation, whose office was approximately 50 feet from the accident site, reported seeing the truck out of control at approximately 7:20 A.M. on that day. He pursued it in his Department car and arrested defendant Blount after the collision.

Police Officer Watkins testified that defendant Blount later stated "he saw the sanitation truck. There was nobody around and he decided to take it for a ride".

As a result of the collision, plaintiff Mary Brennan, who was 59 years of age at the time of the accident, received an extensive comminuted fracture of the right femur, fracture of the nasal bone, cerebral concussion and facial lacerations. She was unable to return to her approximately $6,000 a year job as a senior lunch helper with the New York City Board of Education and received two years of physical therapy, which somewhat improved her condition. As of the time of trial, Mary Brennan could walk only short distances with the aid of a cane and testified that her life was "at a stand still". Her husband, plaintiff George Brennan, and the couple's daughter had to assume most of the household responsibilities.

Appellants argue that plaintiffs have failed to establish a prima facie case against them because the evidence does not show that the truck was left "unattended" so as to constitute a violation of Vehicle and Traffic Law § 1210 (a). That term is not defined in the statute, but section 1210 (a) was designed, in part, as a public safety measure to protect life and property of others by conferring a cause of action upon anyone damaged as a consequence of its violation (*Guaspari v Gorsky,* 36 AD2d 225, 228, *appeal dismissed* 29 NY2d 891). The question of whether the statute had been violated in this case was a matter of fact for the jury (*Guaspari v Gorsky, supra,* p 227; *Kass v Schneiderman,* 21 Misc 2d 518, 528). On the evidence presented, plaintiffs have established a prima facie case that the truck was left unattended within the meaning of the statute and the verdict as to liability is not contrary to the weight of the credible evidence (*Corey v Powell,* 53 AD2d 924).

Appellants have waived their objection to plaintiffs' counsel's summation statement regarding the whereabouts of the three men during the theft by not timely objecting and not moving for a mistrial prior to return of the jury's verdict (*Dunne v Lemberg,* 54 AD2d 955, 956). Furthermore, we find that the statement was a fair comment based on the testimony.

With respect to the issue of damages, the evidence adduced at trial supports the jury's verdict in favor of plaintiff Mary Brennan (*see, Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138); however, we find the verdict in favor of the plaintiff George Brennan to be excessive to the extent indicated. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.