■ EMILIA THOMAS, Respondent, et al., Plaintiffs, v ROSEN GROUP PROPERTIES, INC., Appellant, and VEEMAC ELEVATOR Co., INC., Respondent, et al., Defendant.—Judgment of the Supreme Court, New York County (John A. Mastrella, J.), entered July 31, 1986, which after jury trial and upon plain-

---

* *See, People v Hockett,* 128 AD2d 393, 394 (dissent).

tiff's stipulation to accept damages in a reduced amount, found, *inter alia,* in favor of plaintiff Emilia Thomas against defendant Rosen Group Properties, Inc., in the amount of $130,000 modified, on the law, solely to the extent of reinstating the cross claim by defendant Rosen Group Properties, Inc., remanding for a trial of such cross claim, and otherwise affirmed, without costs or disbursements.

Plaintiff was injured as a result of an accident involving an elevator owned and operated by defendant Rosen Group Properties, Inc. Defendant Rosen, which had a nondelegable duty to maintain the elevator, cross-claimed against defendant Veemac Elevator Co., Inc., for indemnity and/or contribution.

Since there was insufficient proof of the terms or the existence of any maintenance agreement between Rosen and Veemac, contractual indemnity was not available to defendant Rosen *(see, Rogers v Dorchester Assocs.,* 32 NY2d 553). However, as noted, defendant Rosen also sought contribution from Veemac. The trial court dismissed the cross claim against defendant Veemac, finding that defendant Rosen had failed to establish a prima facie case.

We disagree. Although no direct act of negligence by Veemac was introduced, and although the doctrine of res ipsa loquitur was inapplicable against Veemac, there was circumstantial evidence of sufficient probative force to permit a jury to infer negligence *(Rogers v Dorchester Assocs., supra,* at 559). The evidence included the fact that Veemac had repaired the elevator the day before the accident, that there were numerous prior repairs made by Veemac and that the elevator had stopped on occasions when it was not overloaded. Thus, the jury might have determined, *inter alia,* that the injury was caused either wholly or in part by negligent repairs made by employees of Veemac. Under these circumstances, it was error for the trial court to dismiss the cross claim.

We have examined the remaining contentions by defendant and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Milonas and Rosenberger, JJ.