■ ERNESTO J. F. GUZMAN, Respondent, v SAKS FIFTH AVENUE CORP. et al., Defendants, and OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Appellant. DENHAM FOOD SERVICE, INC., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, Otis Elevator Company (hereinafter Otis) appeals as limited by its notice of appeal and brief, from so much of an interlocutory judgment of the Supreme Court, Westchester County (Nastasi, J.), dated November 5, 1986, as (1) upon granting the motion of the third-party defendant Denham Food Service, Inc., dismissed the third-party complaint, and (2) after a jury trial on the issue of liability only, is in favor of the plaintiff and against Otis, finding Otis 50% at fault in the happening of the accident.

Ordered that interlocutory judgment is affirmed insofar as appealed from, with one bill of costs.

We find that the evidence supported the jury verdict finding Otis at fault and that the verdict was not against the weight of the evidence. A jury may infer negligent inspection and repair in the maintenance of an elevator from evidence that the hoistway doors automatically opened in the absence of the elevator cab, and the interlock system, which was designed to prevent such an occurrence, contained a worn and bent latch which required replacement. It was undisputed that Otis conducted regular inspections every two weeks of the elevator system under its maintenance agreement with the building owner (see, Rogers v Dorchester Assocs., 32 NY2d 553; Ames v Watson Elevator Co., 303 NY 732; Beinhocker v Barnes Dev. Corp., 296 NY 925, rearg denied 297 NY 472; Gustavson v Thomas, 227 App Div 303). Although Otis's expert testified that the plaintiff must have forced the hoistway doors open because the latch was not worn and bent and the interlock could not have misfunctioned, the weight to be afforded the conflicting testimony of experts is a matter particularly within the province of the jury, and we decline to disturb the jury's resolution of the issue (see, Chodos v Flanzer, 109 AD2d 771). We also reject Otis's assertion that the plaintiff's testimony that the doors opened by themselves is incredible as a matter of law.

Otis has failed to preserve for appellate review its contention that the jury's verdicts on res ipsa loquitur and negligence are inconsistent. In any event, there is no inconsistency since the jury could have found under the court's charge that Otis failed to exercise reasonable care under the circumstances, but did not have exclusive control of the instrumentality (see, Barry v Manglass, 55 NY2d 803, rearg denied 55 NY2d 1039; People v Tucker, 55 NY2d 1, rearg denied 55 NY2d 1039).

We reject Otis's contention that the testimony of the engineer called by the plaintiff was not based on facts in the record or personally known to the witness (see, O'Shea v Sarro, 106 AD2d 435). The engineer had personally inspected the latch interlock mechanism, which was in evidence, and based on his knowledge of such mechanism and metals, concluded that the latch was worn and bent because the assembly was loose. In addition, we find that the trial court did not abuse its discretion in permitting the licensed engineer to testify as an expert based on his education as a mechanical and structural engineer and his experience as an inspector of buildings, including elevators, although he was not an elevator expert per se (see, Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410; Richardson, Evidence § 368, at 343-344 [Prince 10th ed]).

Finally, we conclude that the third-party complaint was properly dismissed, since viewed in the light most favorable to Otis, the foreseeable risk of the third-party defendant's instruction to the plaintiff that he pull rather than push a cart does not include the risk that the plaintiff would fall down an elevator shaft because the elevator cab was not present when the hoistway doors opened. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.