■ MARGARET O'NEILL, Respondent, v MILDAC PROPERTIES, Appellant, and MARCATO ELEVATOR COMPANY, INC., Respondent.—In a negligence action to recover damages for personal injuries, the defendant Mildac Properties appeals (1) from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered June 13, 1989, which, upon jury verdicts on the issues of liability and damages, is in favor of the plaintiff and against it in the principal sum of $500,000, and is in favor of its codefendant and against it on its cross claim, and (2) from an order of the same court, dated July 11, 1989, which denied its posttrial motion to set aside the jury's verdicts pursuant to CPLR 4404.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which awarded the plaintiff the principal sum of $500,000, and substituting therefor provision granting the appellant a new trial as to damages unless the plaintiff shall serve and file in the Office of the Clerk of the Supreme Court, Westchester County, a stipulation consenting to reduce the verdict as to damages to the principal sum of $350,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff's time to serve and file the stipulation is extended until 20 days after service upon her of a

copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the appellant's motion which was to set aside the verdict as to damages is dismissed, in light of our determination on the appeal from the judgment, and the order is otherwise affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On June 17, 1986, the plaintiff Margaret O'Neill, age 71, sustained personal injuries when she fell as she was exiting from a small passenger elevator in a professional office building. The building and elevator were both owned by the defendant Mildac Properties (hereinafter Mildac) but the elevator was serviced by the defendant Marcato Elevator Company, Inc. (hereinafter Marcato), pursuant to a written contract between it and Mildac.

The plaintiff alleged that she was injured due to a four-inch misleveling of the elevator above the building's lobby landing.

The trial court properly denied the defendant Mildac's motion to set aside the verdict on the issue of liability, and found that verdict in accord with the evidence. Upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129) adduced at the trial on the issue of liability, the jury here could have found that Mildac had actual or constructive notice of the defective elevator condition and that the misleveling malfunction arose from the fact that the elevator was too small to accommodate that building's expanding needs.

The testimony of Larry Katz, Marcato's mechanic who serviced this particular elevator, that usage of the elevator, loading, and heat affected the elevator's leveling capabilities, was confirmed by Mildac's own expert witness, John Weldin. Additionally, John Weldin admitted that it was standard practice in his elevator company to recommend a change of elevators to any owner of a building using the type of elevator involved in this case. In fact, on his cross-examination of Weldin, Marcato's attorney noted that Weldin's company serviced the elevator in question before Marcato did. Moreover, the plaintiff herself testified that she had noticed the elevator mislevel a year before the accident. From the plaintiff's testimony alone, the jury certainly could have found that the leveling defect had been in existence for a sufficiently

lengthy period of time that it ought to have been discovered and rectified in the exercise of Mildac's duty of reasonable care (see, Rogers v Dorchester Assocs., 32 NY2d 553; cf., Guzman v Saks Fifth Ave. Corp., 141 AD2d 801).

We are also unpersuaded by Mildac's claim that its liability is due solely to Marcato's negligence in servicing the elevator pursuant to their contract. Mildac had a nondelegable duty to the plaintiff to maintain and repair the elevator (see, Rogers v Dorchester Assocs., supra, at 562). Its liability cannot be said to be vicarious only, since it had actual and constructive notice of the malfunction which the jury found arose from its negligence in failing to replace an outdated elevator system which could no longer properly accommodate the building's needs (cf., Thomas v Rosen Group Props., 130 AD2d 451).

We also reject Mildac's argument that the jury's determination that the plaintiff was not comparatively negligent is against the weight of the evidence. A jury verdict is not to be set aside unless the jury could not have reached its verdict upon any fair interpretation of the evidence, and comparative negligence is a jury question in all but the clearest cases (Holt v New York City Tr. Auth., 151 AD2d 460).

We note that evidence of the repairs made to the elevator by Marcato the day after the accident was properly excluded by the court (see, Klatz v Armor Elevator Co., 93 AD2d 633, 637) and the other evidentiary rulings of which Mildac now complains were also proper (see generally, Richardson, Evidence § 370 [Prince 10th ed]).

The allegedly improper comments in the summations of Marcato's and the plaintiff's attorneys were either unpreserved for appellate review (CPLR 5501 [a] [3]; see also, Murray v Robin, 108 AD2d 903), were a fair comment on the evidence (see, Brennan v City of New York, 108 AD2d 834) or harmless. None of these comments, either separately or cumulatively, could have had an effect on the jury's finding of Mildac's liability (see, Kavanaugh v Nussbaum, 129 AD2d 559).

However, we find the verdict on the issue of damages was excessive to the extent indicated. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.