■ In the Matter of the Estate of ROBERT BURACK, Deceased. ZAHAVA BURACK, Respondent; NEIL D. BURACK et al., Appellants. [607 NYS2d 711] —In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated April 5, 1991, which, after a jury trial, admitted the decedent's will to probate.

Ordered that the decree is affirmed, with costs payable by the appellants personally.

Contrary to the appellants' contention, the trial court did not improvidently exercise its discretion by admitting into evidence a videotape of the will execution *(see, Boyarsky v Zimmerman Corp.,* 240 App Div 361, 364). The videotape was not offered in an attempt to probate the document as a will; rather, it was offered as evidence of the decedent's testamentary capacity. A proper foundation was laid; the three witnesses to the will execution and the attorney who supervised the will execution testified that the videotape was a fair and accurate depiction of the events which were filmed *(see, People v Fondal,* 154 AD2d 476; *Caprara v Chrysler Corp.,* 71 AD2d 515, 523, *affd* 52 NY2d 114; Richardson, Evidence § 138 [Prince 10th ed]). Moreover, the attorney who supervised the will execution also testified extensively as to the chain of custody of the videotape and testified that the tape did not appear to have been tampered with *(see, People v McGee,* 49 NY2d 48).

We further find that the jury's finding of testamentary capacity was not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129). While the decedent had been diagnosed with terminal cancer, terminal illness alone does not negate testamentary capacity *(Matter of Knight,* 87 Misc 577). There was evidence that the decedent understood the nature and consequences of executing a will, that the decedent knew the nature and extent of the property he was disposing of, and that the decedent knew the natural objects of his bounty *(see, Matter of Kumstar,* 66 NY2d 691). There was also evidence that the decedent conducted business and managed his affairs around the time of the will execution and testimony that up until the last two days of the decedent's life the decedent was of sound mind *(see, Matter of Kimball,* 156 Misc 338; *Matter of Barney,* 185 App Div 782).

The appellants' contention that the jury was prejudiced against them because of the jury's unanticipated extended service is unpreserved for appellate review *(see, People v*

*Foster,* 64 NY2d 1144, *cert denied* 474 US 857), and, in any event, is merely speculative and insufficient to warrant a new trial *(see, Snediker v County of Orange,* 58 NY2d 647; *People v Simon,* 178 AD2d 447).

The appellants' remaining contentions regarding the proponent's summation are unpreserved for appellate review *(see, Bichler v Lilly & Co.,* 55 NY2d 571, 583; *Brennan v City of New York,* 108 AD2d 834, 836; *Newsome v Cservak,* 130 AD2d 637, 638) and, in any event, are either without merit *(see, Brennan v City of New York, supra),* or involve harmless error *(see, O'Neill v Mildac Props.,* 162 AD2d 441, 443; *Murray v Robin,* 108 AD2d 903). Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.