■ David C. Blum, Appellant, v Marvin A. Bregman et al., Respondents. [638 NYS2d 473]

Plaintiff alleged that he was injured when he fell on a defective sidewalk and now argues that the verdict in defendants' favor was not supported by sufficient evidence, or alternatively, was against the weight of the evidence. However, viewing the evidence in a light most favorable to defendants (*Guerrieri v Summa*, 193 AD2d 647), we find that there was a valid line of reasoning and permissible inferences which could have rationally led people to the conclusion reached by the jury on the basis of the evidence presented at trial and that the jury could have also reached its conclusion on any fair interpretation of the evidence (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Given that plaintiff's trial testimony conflicted with his deposition testimony, and that a police report he introduced at trial conflicted with both his deposition and trial testimony, it was not unreasonable for the jury to have refused to impose liability herein (*see, Guerrieri v Summa, supra*). Issues of cred-

ibility were for the jury to resolve (see, *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528, 534).

The court did not err in excluding evidence with respect to postaccident repairs and control of the premises and in refusing to charge the jury with respect to these issues. Defendants stipulated before trial that they were responsible for the control, maintenance and repair of the premises (see, *Caprara v Chrysler Corp.*, 52 NY2d 114, 122). Since counsel did not object at trial, plaintiff's current challenge to the summation of defense counsel has not been preserved for this Court's review (*Brennan v City of New York*, 108 AD2d 834, 837). We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.