■ MICHAEL GOGATZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [733 NYS2d 345] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered May 18, 2000, upon a special jury verdict as to liability, in defendants' favor, unanimously affirmed, without costs.

The trial court properly exercised its discretion in granting defendants' application to bifurcate the trial of this personal injury action since plaintiff failed to demonstrate that the nature of his alleged injuries had significant bearing on the issue of liability (*see*, *Barrera v Skaggs-Walsh*, 279 AD2d 442).

Although CPLR 3117 (a) (2) provides that a party's deposi-

tion testimony "may be used for any purpose by any party * * * adversely interested" (*see, Gonzalez v Medina*, 69 AD2d 14), the limitation placed by the trial court upon plaintiff's use of defendant's deposition transcript was not sufficiently prejudicial to warrant reversal. The deposition transcript was used by plaintiff extensively during cross-examination, and, in any event, did not differ markedly from defendant's trial testimony (*see, Donner v Septimus*, 137 AD2d 484, 485).

Finally, the trial court properly declined to charge certain sections of the Vehicle and Traffic Law and New York City Traffic Regulations insofar as the sections in question were inapplicable in light of the trial evidence. Insofar, however, as the charge of such sections was warranted by the evidence, the failure to charge did not constitute reversible error inasmuch as the court's charge accurately conveyed to the jury the applicable standard of care and there is no reason to suppose that reiteration of that standard by citation to the Vehicle and Traffic Law would have improved the jury's grasp of the concepts relevant to its deliberations. Concur—Tom, J. P., Andrias, Lerner, Saxe and Buckley, JJ.