■ Margaret Shea, Appellant, v 5008 Broadway Associates, Respondent, et al., Defendant. [739 NYS2d 155] —Judgment, Supreme Court, New York County (Paula Omansky, J., and a jury), entered February 6, 2001, in an action for personal injuries sustained by plaintiff building resident when she was scalded by hot water while taking a shower, in favor of defendant building owner dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the matter remanded for a new trial.

The trial court improvidently exercised its discretion in bifurcating the trial of this negligence action on the issues of liability and damages. The nature and extent of plaintiff's burns were inextricably intertwined with the question of defendant's liability, thus requiring medical proof to show the causal connection between the subject incident and the injury in order to establish liability (cf., CPLR 603, 4011; cf., Gogatz v New York City Tr. Auth., 288 AD2d 115).

Accordingly, the judgment is reversed and the matter is remanded to the Supreme Court, New York County, for a new trial. Inasmuch as the issues of plaintiff's failure to comply with CPLR 3116 (a) with regard to the deposition of the building superintendent and to disclose timely the identity of the notice witness can be cured by plaintiff's counsel prior to the commencement of the new trial, this Court need not reach the merits of these remaining issues on appeal. Concur—Nardelli, J.P., Mazzarelli, Buckley, Ellerin and Lerner, JJ.

■ The People of the State of New York, Respondent, v James Williams, Appellant. [739 NYS2d 257] —Judgment, Supreme Court, New York County (James Yates, J.), rendered April 2, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of 1½ to 4½ years, unanimously affirmed.

The court properly denied defendant's motion to set aside the verdict, made on the ground of newly discovered evidence (CPL 330.30 [3]). The record establishes that this evidence, concerning defendant's own background, was not newly discovered in that it was known to defendant himself before the commencement of trial (see, People v Taylor, 246 AD2d 410, 411-412, lv denied 91 NY2d 978). We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Mazzarelli, Buckley, Ellerin and Lerner, JJ.