■ WARREN COLE, Appellant-Respondent, v HARRY MACKLOWE, Respondent-Appellant. [789 NYS2d 489]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 9, 2004, which, after a bench trial on the issue of liability, denied the parties' respective motions to vacate an earlier ruling setting aside the bifurcation of the trial into liability and damages phases and to render judgment as to liability in each party's favor, unanimously modified, on the facts and in the exercise of discretion, to the extent of reinstating the bifurcation of the trial and remanding the matter for decision on the issue of liability before any trial is held on the issue of damages, and otherwise affirmed, without costs.

Pursuant to a ruling bifurcating the trial of this commercial contractual dispute into liability and damages phases, a bench trial on the issue of liability was held from October 15, 2001 to November 14, 2001. Thereafter, the parties submitted posttrial briefs on the issue of liability, and such briefing concluded in April 2002. About six months later, on October 4, 2002, the IAS court advised the parties that it was, sua sponte, setting aside its earlier bifurcation ruling, and directed that trial go forward on the issue of damages, notwithstanding that the issue of liability had not yet been decided. By way of explanation, the court stated that the existing record (comprising more than a thousand pages of trial testimony and thousands of additional pages of documentary evidence) was somehow "incomplete," in that it failed to inform the court of certain unspecified "things I need to know that I do not know." Without articulating the basis for this view, the court added that "liability and damages are so intertwined, that I really can't bifurcate."

After the court ruled that the trial would no longer be bifurcated, the parties submitted a stipulation setting forth each side's position on the amount of plaintiff's damages, if any,

in an attempt to fill any gaps in the record that the court deemed to stand in the way of a liability determination. In addition, plaintiff submitted a bill of particulars setting forth his theory of damages. Nonetheless, the court continued to withhold decision. Accordingly, in the spring of 2003, each party separately moved to vacate the ruling setting aside bifurcation of the trial (i.e. to reinstate bifurcation), and, in addition, for judgment in his favor on the issue of liability. By order entered January 9, 2004, the court denied both motions in their entirety, on the ground that the existing record was so "incomplete," and the issues of liability and damages so "intertwined," as to render it impossible to decide the issue of liability before a damages trial. Both parties have appealed from this order, and, on appeal, each party asks this Court to decide the issue of liability in his favor, either as a matter of law or in the exercise of our fact-finding powers.

We agree with the parties' argument that the liability issue should be decided on the existing record, and we therefore modify the order appealed from to the extent of remanding the matter for a liability determination to be rendered before any trial of the damages issue is held. Although the question of whether to bifurcate a trial is generally committed to the discretion of the trial court (*see Gogatz v New York City Tr. Auth.*, 288 AD2d 115 [2001]), under the particular circumstances of this case, the IAS court improvidently exercised its discretion in setting aside its prior bifurcation ruling and in declining to decide liability before proceeding to a trial on damages. Notwithstanding the court's conclusory assertion that the issues of liability and damages are "intertwined," the court has not explained why any information on plaintiffs' alleged damages (beyond that already in the record) is necessary to determine liability. Further, contrary to the court's characterization of the existing record as "incomplete," the parties have submitted all of the admissible evidence they deem material to the determination of the liability issue. In light of these considerations, and given that the parties are united in seeking a liability determination forthwith, to require a damages trial at this juncture, before it is known whether the damages issue need be reached at all, would be unwarranted. Accordingly, the order appealed from is modified as indicated.

Finally, we decline to grant the parties' requests that we decide the liability issue for the first time on this appeal. We again point out that extensive testimony was presented at trial. To the extent that findings of fact may be necessary to decide the liability issue, such findings should be made in the first

instance by the court that has had an opportunity, in assessing credibility, to see and hear the witnesses' live testimony, not just to read such testimony from a cold record. Concur—Tom, J.P., Saxe, Friedman, Nardelli and Sweeny, JJ.