# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

312
CA 10-01419
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.
_____

BURKE, ALBRIGHT, HARTER & RZEPKA, LLP AND
BURKE, ALBRIGHT, HARTER & REDDY, LLP,
PLAINTIFFS-APPELLANTS,

                        V                          MEMORANDUM AND ORDER

ROBERT H. SILLS AND AUDREY ELAINE SILLS, AS
CO-EXECUTORS OF THE ESTATE OF ANGELINE V.
SILLS, DECEASED, DEFENDANTS-RESPONDENTS.
_____

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JENNIFER L. NUHFER OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

GATES & ADAMS, P.C., ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered April 12, 2010. The order, among other things, denied in part plaintiffs' motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover fees for legal services rendered to defendants' deceased mother (decedent), and defendants asserted counterclaims for, inter alia, legal malpractice. Following discovery, plaintiffs moved for partial summary judgment dismissing the counterclaims, and defendants cross-moved for leave to serve a second amended answer asserting additional counterclaims for fraud and breach of fiduciary duty. Plaintiffs contend that Supreme Court erred in denying that part of their motion with respect to the legal malpractice counterclaim because the only evidence establishing such a counterclaim consists of the audio and video recordings of decedent, which are inadmissible under the Dead Man's Statute (CPLR 4519). We reject that contention inasmuch as plaintiffs "cannot establish [their] entitlement to summary judgment dismissing [that counterclaim] by pointing to alleged gaps in the [defendants'] proof" (*Tully v Anderson's Frozen Custard, Inc.* [appeal No. 2], 77 AD3d 1474, 1475). In any event, we note that CPLR 4519 bars only testimony of communications with a decedent that are offered "*against* the executor, administrator or survivor of the deceased person" (emphasis added) and, here, the video and audio recordings of decedent would be offered by defendants as co-executors of decedent's estate in support of their

counterclaims. In addition, those recordings are admissible "as evidence of the decedent's testamentary capacity" (*Matter of Burack*, 201 AD2d 561, 561).

We reject plaintiffs' further contention that the court erred in granting the cross motion. Contrary to plaintiffs' contention, the proposed counterclaims for fraud and breach of fiduciary duty are not duplicative of the legal malpractice counterclaim. The proposed counterclaims are based on allegations that plaintiffs intended to deceive decedent, whereas the "legal malpractice [counterclaim] is based on negligent conduct" (*Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108). We reject plaintiffs' further contention that defendants failed to support the proposed counterclaims with admissible evidence. " '[L]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . ., and the decision whether to grant leave to amend a [pleading] is committed to the sound discretion of the court' " (*Palaszynski v Mattice*, 78 AD3d 1528, 1528). Here, the evidence submitted by defendants in support of the cross motion establishes that the proposed counterclaims are not patently lacking in merit.

We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.

Entered: April 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court