■ 32ND AVENUE, LLC, Respondent, v ANGELO HOLDING CORP. et al., Defendants, and HIGGINS AVE., LLC, et al., Appellants. (And a Third-Party Action.) [932 NYS2d 79]—

Initially, the appellants waived the defense of lack of standing (*see* CPLR 3211 [a] [3]) by failing to either make a pre-answer motion to dismiss the complaint on that ground or assert that defense in their respective answers (*see* CPLR 3211 [e]; *Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 243 [2007]).

The Supreme Court properly denied those branches of the motion of the defendants Higgins Ave., LLC, Immanuel Piroozian, and Shahriar Homapour which were for summary judgment dismissing the complaint insofar as asserted against them, and on their first counterclaim and first cross claim in their amended answer declaring that defendant Higgins Ave., LLC, is the sole owner of the disputed real property, as they failed to establish their prima facie entitlement to that relief (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Ford v Unity Hosp.*, 32 NY2d 464, 472 [1973]; *150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership*, 39 AD3d 722 [2007]).

Further, the Supreme Court properly denied that branch of the motion of the defendant Chinatrust Bank (USA) which was for summary judgment dismissing the first, second, and third causes of action insofar as asserted against it, as it failed to eliminate all triable issues of fact as to whether it breached the subject escrow agreement, and, thus, did not establish its prima facie entitlement to judgment as a matter of law (*see Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 789 [2009]; *Takayama v Schaefer*, 240 AD2d 21, 25 [1998]). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.

---

Motion by the appellant Chinatrust Bank (USA) on appeals from an order of the Supreme Court, Queens County, entered January 14, 2010, to strike the respondent's brief in its entirety on the ground that it contains matter dehors the record or, in the alternative, to strike stated portions of the respondent's brief on the ground that those portions refer to matter dehors the record. By decision and order on motion of this Court dated June 10, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to strike the respondent's brief in its entirety is denied; and it is further,

Ordered that the branch of the motion which is to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record is granted, and those portions of the brief have not been considered on the appeals. Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.