■ Beato Novas, Appellant, v Joseph D. Zuckerman, M.D., Respondent, et al., Defendants. [941 NYS2d 84]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered April 16, 2010, after a jury trial, in an

action alleging medical malpractice, dismissing the complaint as against defendant Joseph D. Zuckerman, M.D., unanimously affirmed, without costs.

CPLR 3117 (a) (2) provides that "so far as admissible under the rules of evidence," a party's deposition "may be used for any purpose by any party who was adversely affected when the deposition testimony was given or who is adversely interested when the deposition testimony is offered in evidence." However, although deposition testimony is generally admissible under CPLR 3117 (a) (2), that section does not constitute an "absolute and unqualified right to use the deposition at any time during the course of trial" (*Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]). The trial court retains discretion concerning the admissibility of such evidence and its exercise of discretion "is not reviewable save for a clear abuse of discretion" (*id.*).

Here, the trial court providently exercised its discretion in denying plaintiff's application to introduce into evidence portions of Dr. Zuckerman's deposition testimony. The testimony at issue concerned the necessity of full-length and/or standing leg X rays to measure plaintiff's joint-line on his knee. Contrary to plaintiff's contention, the proffered testimony would not have rebutted the testimony of defendant's expert, who only testified as to the amount of femoral bone removed. The expert did not testify as to measuring the joint line, nor the type of X rays needed to measure the joint line. Moreover, the preclusion of the testimony was not prejudicial to plaintiff's case, since the testimony of defendant's expert was based on X rays that were already in evidence (*see e.g. Gogatz v New York City Tr. Auth.*, 288 AD2d 115, 116 [2001]).

The jury's verdict was based upon a fair interpretation of the evidence (*see generally McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). The evidence supported the jury's finding that defendant was not negligent in removing the amount of femoral bone during plaintiff's knee replacement surgery, so as not to alter the joint line. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.