■ NEIL C. ROBINSON, Respondent, v PLARO ESTATES, INC., et al., Appellants. [989 NYS2d 112]—

In an action, inter alia, for a judgment dissolving the defendant Plaro Estates, Inc., the defendants appeal (1) from an amended order of the Supreme Court, Rockland County (Sherwood, J.), dated August 20, 2007, which granted the plaintiff's motion for leave to enter a default judgment against them, struck their answer, and deemed them to have admitted the factual allegations in the complaint, except for the amount of damages, and added the matter to the calendar for a trial to determine the fair market value of the plaintiff's shares of the defendant Plaro Estates, Inc., and any other damages to which the plaintiff was entitled, (2), as limited by their brief, from so much of an order of the same court dated December 12, 2007, as denied that branch of their motion which was to vacate their default, (3) from an order of the same court (Walsh II, J.), dated September 8, 2011, which denied their motion, in effect, to

vacate their default, (4) from a judgment of the same court entered May 21, 2012, which, after a jury trial on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $169,757, and (5) from a judgment of the same court, also entered May 21, 2012, which, after the jury trial on the issue of damages, is in favor of the plaintiff and against them in the total sum of $265,705.64.

Ordered that the appeal from the first judgment entered May 21, 2012, is dismissed, as that judgment was superseded by the second judgment entered May 21, 2012, which is in favor of the plaintiff and against the defendants in the total sum of $265,705.64; and it is further,

Ordered that the appeals from the amended order dated August 20, 2007, and the orders dated December 12, 2007, and September 8, 2011, are dismissed; and it is further,

Ordered that the second judgment entered May 21, 2012, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the amended order dated August 20, 2007, and the orders dated December 12, 2007, and September 8, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the second judgment (*see* CPLR 5501 [a] [1]).

Between 1993 and 1995, the plaintiff's parents gifted him a total of 234 shares, comprising a 6.5% interest in the defendant Plaro Estates, Inc. (hereinafter Plaro), a closely held real estate holding company founded by the plaintiff's father. Plaro owns two parcels of adjoining real property located in West Nyack. In 1997, around the time the plaintiff's father died, the plaintiff's brother-in-law, the defendant Mark Brecher, purported to become Plaro's president, chief operating officer, and chairman of the board. Brecher, his wife, and their children collectively hold an 87% interest in Plaro. The plaintiff allegedly did not receive notice of a Plaro shareholders' meeting or minutes thereof, has never received a dividend from Plaro, and has never been given notice of a Plaro shareholders' vote.

In February 2006, the plaintiff commenced this action against Plaro and Brecher, alleging causes of action to recover damages for breach of fiduciary duty arising from, inter alia, the defendants' misappropriation of Plaro assets for the benefit of Brecher and Brecher's separate corporation, Plastic-Craft Products

Corp., which rents an industrial building on Plaro's property pursuant to a written lease, and for the common-law dissolution of Plaro, pursuant to which the plaintiff would be entitled to the fair market value of his 6.5% interest in Plaro.

The defendants answered, but after they failed to attend two court conferences in April 2007 and July 2007, and missed a court-imposed July 13, 2007, discovery deadline. In an amended order dated August 20, 2007, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment, struck the answer, deemed the defendants to have admitted the factual allegations in the complaint, except for the amount of damages, and calendared the matter for a trial to determine the value of the plaintiff's 6.5% interest in Plaro and any other damages to which the plaintiff was entitled. In an order dated October 5, 2007, the Supreme Court denied the defendants' motion to vacate the default judgment against them, and in an order dated September 8, 2011, it denied the defendants' motion, in effect, for the same relief.

After a jury trial on the issue of damages held in March 2012, the jury determined that the fair market value of the plaintiff's 6.5% interest in Plaro as of February 9, 2006, was $136,500, and also awarded him $33,257 in general damages. The defendants appeal.

To the extent the defendants contend that the plaintiff lacks standing to prosecute this action in his individual capacity, they waived this argument by not raising it in their answer, or in a pre-answer motion to dismiss the complaint (see CPLR 3211 [a] [3]; [e]; 32nd Ave., LLC v Angelo Holding Corp., 88 AD3d 986, 987 [2011]).

With respect to the amended order dated August 20, 2007, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to enter a default judgment and in striking the defendants' answer (see CPLR 3126 [3]; Kihl v Pfeffer, 94 NY2d 118, 123 [1999]; Pinto v Tenenbaum, 105 AD3d 930, 931 [2013]; Mangru v Schering Corp., 90 AD3d 621 [2011]; Commisso v Orshan, 85 AD3d 845 [2011]).

The Supreme Court properly rejected the defendants' attempts to vacate their default. In seeking to vacate a default in appearing at a conference, a defendant must establish both a reasonable excuse for its failure to appear and a potentially meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Tribeca Lending Corp. v Correa, 92 AD3d 770 [2012]). Even accepting that the defendants set forth a reasonable excuse for their failure to appear at two court conferences and to meet a court-

imposed discovery deadline, they failed to set forth "allegations sufficient to make out a prima facie showing of a meritorious defense" (*Vollaro v Bevilacqua*, 33 AD3d 910, 910 [2006]).

Contrary to the defendants' contentions, the jury determination that the fair market value of the plaintiff's 6.5% interest in Plaro, as of February 9, 2006, was $136,500, and its determination that the plaintiff was entitled to the principal sum of $33,257 in general damages, is supported by legally sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]), and was not contrary to the weight of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Jean-Louis v City of New York*, 86 AD3d 628, 628 [2011]; *Christ v Law Offs. of William F. Levine & Michael B. Grossman*, 72 AD3d 721, 723 [2010]). We find no basis to disturb the jury's determination that the fair market value of Plaro, as of the February 9, 2006, valuation date, was $2.1 million, of which the plaintiff's 6.5% interest amounted to $136,500, or the jury's determination that the plaintiff was entitled to general damages in the principal sum of $33,257. Such findings are within the range of the testimony presented, and involved an assessment of lay and expert witness credibility, which assessment is entitled to deference (*see Jean-Louis v City of New York*, 86 AD3d at 629; *Saccone v Gross*, 84 AD3d 1208, 1209 [2011]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *Salony v Mastellone*, 72 AD3d 1060, 1061 [2010]).

The Supreme Court providently exercised its discretion in precluding the defendants from reading portions of the plaintiff's deposition testimony during the defendants' case-in-chief, after the plaintiff had completed his testimony (*see* CPLR 3117 [a] [2]; *Feldsberg v Nitschke*, 49 NY2d 636, 644-645 [1980]; *Cheathem v Ostrow*, 100 AD3d 819 [2012]; *Novas v Zuckerman*, 93 AD3d 585 [2012]; *Gogatz v New York City Tr. Auth.*, 288 AD2d 115, 115-116 [2001]).

The defendants did not preserve for appellate review their challenges to the plaintiff's summation (*see* CPLR 5501 [a] [3]; *Sweeney v Peterson*, 24 AD3d 984, 985 [2005]; *O'Neill v Mildac Props.*, 162 AD2d 441 [1990]). In any event, the challenged comments were a fair comment on the evidence (*see O'Neill v Mildac Props.*, 162 AD2d 441 [1990]; *Brennan v City of New York*, 108 AD2d 834, 837 [1985]).

The defendants' remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.