Atlantic Fin., LLC v Xinlei Lin (2018 NY Slip Op 00817)





Atlantic Fin., LLC v Xinlei Lin


2018 NY Slip Op 00817


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-03070
 (Index No. 604698/14)

[*1]Atlantic Finance, LLC, appellant, 
v
Xinlei Lin, et al., respondents, et al., defendant.


Thomas & Graham, LLP, Lake Success, NY (William M. Thomas, Jr., of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an escrow agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 11, 2016, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants Xinlei Lin and Shengguo Lin.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff entered into a contract of sale with the defendants Xinlei Lin and Shengguo Lin (hereinafter the defendants), whereby the plaintiff agreed to sell, and the defendants agreed to purchase, premises located in Jamaica, Queens, for the sum of $540,000. The contract contained a provision that required the plaintiff to deliver the premises free of violations and liens. The defendants' title search revealed numerous violations and civil penalties issued against the premises by the City of New York Department of Housing Preservation and Development (hereinafter HPD), Department of Buildings (hereinafter DOB), and Environmental Control Board (hereinafter ECB). The plaintiff and the defendants then executed an escrow agreement, whereby the parties agreed that the plaintiff's attorney would hold the sum of $100,000 in escrow to ensure the removal of the violations and civil penalties from the premises.
After a dispute arose as to whether the terms of the escrow agreement had been complied with, the plaintiff commenced this action against, among others, the defendants, inter alia, to recover damages for breach of the escrow agreement. After issue was joined, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, and the Supreme Court denied that branch of the plaintiff's motion. The plaintiff appeals.
The plaintiff's submissions failed to eliminate all triable issues of fact as to whether the defendants breached the escrow agreement by unjustifiably refusing to permit the escrow funds to be released to it. Certain documentary evidence submitted by the plaintiff in support of its motion was not in admissible form. Specifically, none of the records from ECB, DOB, and HPD were certified, and therefore, these records constituted inadmissible hearsay. Additionally, an unsworn letter from an ECB attorney and uncertified records of the title insurance company also constituted [*2]inadmissible hearsay (see Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 821; Pandey v Parikh, 57 AD3d 634). Without this evidence, the plaintiff's contention that it complied with the escrow agreement by removing all violations from the premises was conclusory and unsupported. Furthermore, the plaintiff's submissions raised a triable issue of fact as to its compliance with the terms of the escrow agreement and whether it failed to pay the civil penalties associated with the ECB violations. Accordingly, since the plaintiff's evidence failed to eliminate all triable issues of fact, the Supreme Court properly denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants, without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; 32nd Ave., LLC v Angelo Holding Corp., 88 AD3d 986, 987).
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court